RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/,/18,06

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| WILFRED WAYNE CLARK | CIVIL ACTION NO. 05-1085 |
|---|---|
| VS. | JUDGE MELANÇON |
| WARDEN BURL CAIN | MAGISTRATE JUDGE METHVIN |

## AMENDED CERTIFICATE AS TO APPEALABILITY

On December 13, 2005, the undersigned denied petitioner Wilfred Wayne Clark's request for a certificate of appealability having adopted "...the analysis in the Report and Recommendation of the Magistrate Judge entered on September 2, 2005..." [Rec. Doc. 19] Clarification of that order is appropriate.

In his Second Application for Certificate of Appealability filed herein on November 23, 2005, petitioner correctly noted that the calculation of the date of the finality of judgment set forth in the Report and Recommendation relied upon by the court was incorrect. Petitioner's observation is correct. The Magistrate Judge calculated that petitioner's judgment of conviction and sentence became final by the conclusion of direct review on or about June 26, 2000. [rec. doc. 5, p. 5] However, as noted by petitioner, he was not adjudicated a multiple offender and the sentence complained of herein was not imposed until September 22, 2000. [rec. doc. 17, p. 4]

Nevertheless, and nothwithstanding this error, the Magistrate Judge's conclusion that petitioner's *habeas corpus* petition was time-barred is correct. That conclusion is based upon the following procedural chronology:

1. As noted above, petitioner was adjudicated a multiple offender (La. R.S.15:529.1) and

sentenced on September 22, 2000. He did not appeal and therefore, his judgment of conviction and sentence became final for AEDPA purposes at the latest on October 2, 2000.[1]

2. Petitioner filed an application for post-conviction relief seeking an out-of-time appeal on November 20, 2000. This out-of-time appeal process tolled the limitations period from the date of filing until June 20, 2003 when the Louisiana Supreme Court ultimately denied writs.[2]

Nevertheless, a period of 49 days (or one month and 18 days) elapsed before tolling began.

3. After the Supreme Court's denial of writs on June 20, 2003, the AEDPA limitations period began to run anew and did so until April 1, 2004 when petitioner filed his second application for post-conviction relief. Thus, another 285 days (or 9 months and 11 days) of the limitations period elapsed un-tolled.

4. Petitioner was able to toll the limitations period again during the pendency of this second application for post-conviction relief. However, the second application ceased to be

---

[1] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Friday, September 22, 2000. The five day delay for filing an appeal commenced on Monday, September 25 and the five day period for taking an appeal ended, at the latest, on Monday, October 2, 2000. Therefore, petitioner's judgment of conviction and sentence became final, at the latest, on that date.

[2] See *State v. Clark*, 2002-1958 (La. 6/20/2003), 847 So.2d 1221.

pending on May 13, 2005 when the Louisiana Supreme Court denied writs.[3]

5. Petitioner signed and thus, for the purposes of this analysis, filed his federal *habeas corpus* petition on June 15, 2005. However, an additional thirty-two days (or 1 month and 1 day) of the limitations period elapsed before he filed his federal petition.

Based upon the foregoing calculation, it appears that more than one year, specifically, a period of 366 un-tolled days, elapsed between the finality of petitioner's judgment of conviction and sentence and the date he filed his federal *habeas corpus* petition.

Thus, notwithstanding the error in computation, the Court finds that there is no basis in law or fact as demonstrated by the record that petitioner is entitled to relief.

Thus done and signed this 17th day of January, 2006 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 1/18/06
BY
TO

---

[3] See *State ex rel. Clark v. State*, 2004-1978 (La. 5/13/2005), 902 So.2d 1004.